HALL, Judge.
W. S. Young Construction Company, Inc. brought suit against Dr. Martin O. Miller for $14,562.00 plus interest and costs for work performed on defendant’s land in Concordia Parish. Of the amount sued for $14,322.00 represented clearing and disking 260.4 acres of wooded land at $55.00 per acre and the balance amounting to $240.00 represented the preparation of a barn site.
Dr. Miller answered and filed a recon-ventional demand for damages for breach of contract by plaintiff in the net sum of $23,000.00 after giving plaintiff credit for $8,250.00, representing the clearing and disking of 150 acres by plaintiff at $55.00 *631 per acre and $240.00 for preparing the barn site.
Following trial on the merits judgment was rendered in plaintiff’s favor as prayed for and defendant’s reconventional demand was dismissed. Defendant appealed. Plaintiff answered the appeal praying for affirmance of the judgment and damages for frivolous appeal.
This controversy grows out of an oral agreement entered into between plaintiff and defendant whereby plaintiff agreed to clear and disk certain lands owned by defendant at his plantation near Vidalia. The land was to be cleared and disked at an agreed price of $55.00 per acre and defendant assured plaintiff of 1,000 acres of clearing work. Plaintiff also undertook to prepare a barn site for defendant at an agreed price of $240.00. Plaintiff agreed to commence work promptly and to proceed as rapidly as possible, weather permitting, to clear and disk the land and thereafter turn it over to defendant for planting soy beans. Other details of the contract are in dispute.
There was contradictory testimony as to whether defendant agreed to turn over the entire 1,000 acres for clearing at one time as plaintiff contends or whether, as defendant contends, it was to be made available to plaintiff for clearing in blocks of 200 to 400 acres; and as to whether plaintiff agreed, as he contends, to use 5 tractors on the job and to complete 40 acres per day, weather permitting or whether, as defendant contends, plaintiff agreed to use 18 tractors and to complete 100 acres per day.
At any rate when plaintiff’s equipment arrived on the job defendant pointed out to him a block of land containing 260.4 acres and plaintiff commenced work thereon. When plaintiff completed his work on the 260.4 acres and finished the barn site he billed defendant for the work done. When defendant did not pay the bill plaintiff moved off the job.
Mr. A1 Trammel, supervisor for plaintiff, testified that of the 260.4 acre block all except 50 acres were cleared and disked to defendant’s satisfaction and turned over to him in time for the June 1966 planting. He further testified that he met with defendant in November 1966 regarding the 50 acres which defendant contended were not satisfactory for planting and that defendant promised to make payment for all work done if he would go back on the 50 acres and hand chunk it; that he went back in December 1966 and hand chunked the 50 acres and that it was suitable for planting after he completed the additional work. He further testified that when he returned in December he noticed that about 210 acres of the 260.4 acre block had been planted in soy beans.
On the other hand Mr. Pierre Valcour Miller, son of the defendant, testified that of the 260.4 acres worked by plaintiff only 150 acres were planted for soy beans during the 1966 planting season. He admitted that plaintiff came back to correct the unsuitable acreage (110 acres according to him) in December but testified that plaintiff had made a bigger mess of it than before.
In his written “Reasons for Judgment” the Trial Judge said:
“After hearing the testimony of the witnesses and other evidence adduced .at the trial of this matter, the Court concludes that Young satisfactorily completed the clearing and disking of the 260.4 acres of land and should be compensated therefor at the stipulated price of $55.00 per acre, together with $240.00 for preparation of a farm (sic) site. The Court does not feel that the evidence offered by the defendant as to the unsatisfactory manner in which certain work was done was sufficient enough to overcome the evidence presented by the plaintiff as to its right to recover for the work performed * * * ”
We have carefully reviewed the record and find no manifest error in the *632 Trial Judge’s findings and ruling in this respect.
The next question presented is whether plaintiff breached its contract with defendant and whether defendant, as a result of the breach, is entitled to a judgment on his reconventional demand.
Defendant contends that plaintiff breached the agreement by failing to clear and disk 1,000 acres of land in time for planting the 1966 soy bean crop, and that as a result thereof defendant could not plant and harvest a 1966 crop on 740 acres left uncleared; that as a consequence defendant suffered a loss of $29,600.00 calculated on the basis of a net return from said crop of $40.00 per acre. Defendant also contends that he suffered a further loss of $1,650.00 for failure of plaintiff to satisfactorily clear 110 acres of the 260.4 acre block which plaintiff worked on. (This latter item is covered by our holding that the work on the 260.4 acre block was properly done.)
The larger item of defendant’s reconven-tional demand is founded on the premise that plaintiff was bound under the terms of the agreement to complete the clearing and disking of 1,000 acres in time for the 1966 Spring planting.
While the record reveals that plaintiff agreed to clear and disk 1,000 acres for a price of $55.00 per acre and while the parties anticipated that this could be done before the end of the 1966 planting season (approximately June 30), the record, in our opinion, fails to support defendant’s contention that plaintiff obligated itself to clear and disk the 1,000 acres by planting time. In our opinion all that plaintiff obligated itself to do was to clear as much acreage as it could before the planting season, weather permitting.
The record reveals that when plaintiff moved its equipment onto the land and commenced work the ground was wet, and testimony adduced by plaintiff is to the effect that progress of the work was impeded by bad weather and wet land. Although defendant’s son, Mr. Pierre Val-cour Miller, testified that the weather was “normal” for April, May and June, we are not convinced that plaintiff did not complete as much acreage as was possible before the 1966 planting season ended.
Upon completion of the clearing and disk-ing of the 260.4 acre block which defendant had assigned to it and upon completion of the barn site plaintiff rendered a bill for the work done. Defendant complained that a portion of the 260.4 acre block had not been cleared and disked to his satisfaction and refused to pay the bill and moreover refused to assign any further acreage to plaintiff for clearing. Plaintiff thereupon moved his equipment off the land.
On August 19, 1966 after planting time was over defendant addressed a letter to plaintiff in which he acknowledged receipt of plaintiff’s invoices for work done (on the 260.4 acre block) and suggested a meeting to discuss the work, stating “I would appreciate hearing from you concerning your method for determining the number of acres cleared.”
Following a meeting in the fall it was agreed that if plaintiff would return and hand chunk the unsatisfactory acreage defendant would pay plaintiff’s bill. Plaintiff returned in December 1966 and did so, but defendant still was not satisfied with the result and did not pay the bill.
It is noted that defendant never at any time complained that plaintiff had not cleared and disked 1,000 in time for planting the 1966 crop. His sole complaint was that plaintiff had not cleared and disked a portion of the 260.4 acre block to his satisfaction.
A reconvenor occupies the position of a plaintiff and bears the burden of proving every fact essential to his recovery. In order to prevail in his reconventional demand defendant bore the burden of proving that plaintiff obligated itself under the terms of the agreement to complete the *633 clearing and disking of 1,000 acres before the end of the 1966 planting season. In our opinion plaintiff has failed to bear this burden.
We find no reason for assessing damages for frivolous appeal.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.